Saco & Biddeford Savings Institution

*vs.*

Ilo M. Johnston, Admx., and Cecilia Jose.

York.      Opinion, July 12, 1935.

*C. Wallace Harmon,*
*Robert B. Seidel,* for plaintiff.
*Willis T. Emmons,* for Mrs. Jose.
*John P. Deering,* for Administratrix.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J.    The action in this case was presented in the Superior Court on bills in equity, its purpose being to determine the owner or owners of a deposit in the Saco & Biddeford Savings Institution, headed or entitled, at the time of the death of Thomas Johnston, "Mrs. Cecilia Jose, or Thomas Johnston   Saco, Maine Payable to either or survivor."

Mr. Johnston died, intestate, on April 19, 1934, and in due time thereafter a daughter, Ilo M. Johnston, was duly appointed administratrix of his estate, and as such, made claim to the deposit.

Mrs. Cecilia Jose also made claim to the deposit, and the Saco & Biddeford Savings Institution brought a bill in equity, asking that the two claimants come into court and interplead. A decree of interpleader was seasonably made and each claimant brought a bill in equity against the other. The claim of Mrs. Jose is to be determined from facts and the law applicable thereto, transpiring in the winter and spring of 1934.

It appears that at the beginning of that period Thomas Johnston, almost 81 years of age, was living alone in a tenement on Dyer Street, Saco. Mrs. Jose lived in a tenement over the Johnston tenement. He was in feeble health and she established the practice of doing neighborly acts of kindness to the old man.

In the late winter physicians suggested that he enter a hospital, or have a caretaker in constant attendance. His estate at that time consisted of deposits in the plaintiff bank and in another bank, but deposited as a whole in the plaintiff bank in the sum of $2,645.64 on April 2, 1934.

In accordance with the advice of the physician, Mrs. Jose removed Mr. Johnston to her tenement and claims that on March 8, 1934, they entered into an agreement whereby she was to take care of him during the rest of his life and give him burial, and that in consideration of such promise on her part he agreed to assign his bank deposits to her.

On that date a paper was executed by the two. It is in the record, "Jose's Exhibit A," and reads as follows:

"'JOSE'S EXHIBIT A'

Saco, Maine, March 8, 1934.

The undersigned request the Saco & Biddeford Savings Institution to open an account in the names of

Thomas Johnston or

Mrs. Cecilia Jose

said deposit account Number 31468 to be payable to either or the survivor.

This account is not opened for the purpose of transferring title to the same or any part thereof after the decease of any of the joint depositors, nor for the purpose of evading the inheritance laws of this State.

Each of the depositors has a present bona fide legal interest therein.

Signed, Thomas Johnston

Mrs. Cecilia Jose

Witness, James Snyder"

Mrs. Jose contends that at the time of the execution of Exhibit A, in the presence of James Snyder, the witness to the several signatures of the parties, Mr. Johnston delivered the Saco bank book to Mrs. Jose and said, "I will give you this bank (deposit book admitted as plaintiff's Exhibit 1 by agreement of counsel) book to take care of me as long as I live and pay my burial expenses in the presence of James Snyder," and delivered the book to her.

It seems from the record that the bank book was in the possession of Mrs. Jose from the date of the execution of the agreement, and that in pursuance of said agreement she caused the withdrawal from the Plymouth Bank and deposited the same in the plaintiff bank.

Mrs. Jose fulfilled her contract; Mr. Johnson remaining with her and in her care until he died. He was buried at her expense.

Ilo M. Johnston bases her claim as administratrix on the theory that there was no joint tenancy of Mrs. Jose and Mr. Johnston in the deposit, in that the same was put in a deposit in the names of both solely for the convenience of Mr. Johnston, and in order that Mrs. Jose might the more readily withdraw money for his use; or that Mr. Johnston acted as he did in an attempt to make a testa-

mentary disposal of property, contrary to the statute, and that in either case she is entitled to the deposit as administratrix.

Hearing was had on bills, answers, and replications, and the sitting Justice made a finding that the deposit belonged to Mrs. Jose, and that the plaintiff bank should pay the same to her. Decrees were made dismissing the bill of Ilo M. Johnston, Admx., and sustaining that of Mrs. Jose. The Administratrix seasonably appealed and in this action it is to be determined whether or not Mr. Johnston, on the day when he executed the agreement herein above quoted, made a valid transfer of the deposit to Mrs. Jose for a valuable consideration.

It is nowhere denied or questioned that Mrs. Jose executed what she considered she had agreed to do. It is the position of the appellee, Mrs. Jose, that the appellant must satisfy this Court, either:

1. That the findings of fact of the Justice below which were necessary to support his decree are clearly erroneous, or

2. That such findings are not sufficient in law to support the decree.

As this Court recently ruled, "The decision, as to matters of fact, of a single Justice sitting in a case in equity should not be reversed, unless it clearly appears that such decision is erroneous. The burden to show the error is upon the appellant." *Brickley* v. *Leonard*, 129 Me., 94-97, and cases cited.

It appears in the record that upon request being made to the plaintiff bank to entitle the Johnston deposit as a deposit payable to Mr. Johnston, Mrs. Jose, or the survivor of them, the bank furnished for the signatures of the parties a paper upon which there was some printed matter and space for further provisions, if any were to be made, and for the signatures of the parties; that this paper was, for some reason, not satisfactory, and that the bank furnished a second form, part of which was likewise printed; the remainder, with signatures, was added in writing, the finished paper being "Jose's Exhibit A."

We find it proved of record that, after oral agreement of transfer, evidence of that transfer, "Jose's Exhibit A," duly witnessed, was delivered, in the presence of subscribing witness, to Mrs. Jose, together with the book of deposit.

It is not questioned that Mrs. Jose performed her contract to the letter.

With the contention that Mr. Johnston's act was with intent to make a testamentary disposal of property, contrary to the statute of wills, we can not agree. The evidence presents instead purchase of security and the prospect of such comfort as property can purchase.

With the title under which the deposit was carried on the books of the bank we are not concerned. The form furnished by the bank for evidence of the transfer does not much concern us.

That form was undoubtedly preferred by the bank for its convenience and protection under a statute applicable to deposits payable to two persons or the survivor of them.

The last sentence of Exhibit A can not, in harmony with our understanding of the facts presented by the record, be interpreted as intended to prevent the vesting of title to the entire balance of the deposit in Mrs. Jose, upon complete fulfillment of her agreement.

So far as the bank is concerned, during the lifetime of Mr. Johnston, either he or she could draw against the deposit. It seems that is all this concluding sentence should be held to mean.

We are satisfied that Mr. Johnston agreed to give Mrs. Jose his cash in plaintiff bank, to be used by her if needed to care for him so long as he should live, and to be expended for his funeral as far as needed; the residue hers.

With the deposit book he gave her what interest he had in the account, relying on her agreement with him.

Such an agreement is to be upheld.

*Both appeals are dismissed, and Decree of the sitting Justice on each bill is affirmed.*